IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETROFF TRUCKING COMPANY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 19-CV- |
| ) | |
| **ENVIRONMENTAL PROTECTION AGENCY,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Comes now Plaintiff Petroff Trucking Company, Inc., by and through its attorneys, and seeks declaratory and injunctive relief against the Environmental Protection Agency, as follows:

1. At all times relevant, Plaintiff Petroff Trucking Company, Inc., ("Petroff") is an Illinois corporation with its principle place of business in Illinois.

2. At all times relevant, Defendant Environmental Protection Agency ("EPA") is an agency of the U.S. Government, and is charged, *inter alia*, with enforcement of the Clean Water Act.

3. That Plaintiff Petroff is the title owner or certain real property, located in the Southern District of Illinois, Saint Clair County Parcel ID Number 02-06.0-200-020, whose common address is 650 Madison Road, East Saint Louis, Illinois.

4. That there is nothing particularly special or unique about Plaintiff's parcel of land, and as a practical matter, it is much the same as much of the land in the Western portion of Saint Clair County, Illinois.

5. That said property adjoins a drainage canal, built by the U.S. Army Corp of Engineers, and which is not a navigable waterway, was not built to be a navigable waterway and which is not intended to be a navigable waterway.

6. That said property contains drainage pipes, which, as designed by the U.S. Army Corp. of Engineers, flow to and from the U.S. Army Corp. of Engineers drainage canal, which in any event well predate Petroff's ownership of the real property, are at least decades old, and may well be over 100 years old, likely dating to 1909.

7. That the property itself is a former location of radio towers, and is surrounded by (a) a sanitary landfill, (b) a truck stop gas station, (c) roadways, (d) a competitive automobile racetrack, and (e) several large parking areas, which were previously substantially similar to the subject property, but are now paved with concrete.

8. That on many occasions in the past, including times before the radio towers were present, while the radio towers were present, and after the radio towers were present, the property was farmed, both by prior and current owners, and thus falls into the definition of "prior converted cropland" which excludes it from Clean Water Act coverage.

9. The area surrounding the property at issue is surrounded by various heavy industry, and thus, this is not some pristine wild area.

10. That Petroff has received a contract to remove certain dirt from the location, and deposit same on the adjacent landfill, and as part of said contract, sought and received various permits from various governmental agencies, related to said operation.

11. In addition, the municipality that controls the area, desires to make the area into a public park with a lake, for purposes of public recreation.

12. That the Defendant EPA, is presently purporting to enforce two different sets of rules concerning the Clean Water Act, a 2015 dated rule, and a pre-2015 dated rule, the applicability of which depends, per the EPA, on what state a person is in. In addition, per a Presidential Directive, the EPA is in the process of instituting a regulatory change to

    repeal and change both the 2015 rule, and the pre-2015 rules, and replace them with a yet third set of rules, all purportedly to enforce the Clean Water Act.

13. That the EPA is purporting to enforce the 2015 rule in Illinois and to Plaintiff, though it appears that this rule itself is in the process of being changed.

14. That Defendant EPA has contacted Plaintiff, and claimed that the property is in violation of the Clean Water Act, as a "Water of the United States."

15. However, the EPA's 2015 rules, which they appear to be trying to enforce, and are commonly called the "Waters of the United States" rules, have been enjoined in numerous states, and likely should be enjoined in Illinois as well, as they are beyond the authority of the EPA under the actual Clean Water Act.

16. That Defendant EPA has threatened and is threatening action against Plaintiff, and demanding certain actions by Plaintiff, thus, there is an actual, not theoretical, case and controversy.

17. That this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 2201 (declaratory judgment) and 28 U.S.C. § 1331 (federal question).

WHEREFORE, Plaintiff Humbly requests that this Honorable Court (1) find that the 2015 changes to the Administrative Rules of the Clean Water Act unenforceable against Plaintiff, (2) find that the property is "prior converted farmland", and thus, not subject to the Clean Water Act, under any set of proposed administrative rules and/or (3) find that the subject property is not a navigable waterway, and thus not subject to regulation under the Clean Water Act, and for such other, further and different relief as allowed by law, and for an award of costs and fees under the Equal Access to Justice Act.

Date: April 29, 2019                              Respectfully Submitted,

By:s/Thomas G. Maag

Thomas G. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095

Phone:  618-216-5291